IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JOHNSON,

          Petitioner,

   vs.                                        CIVIL NO. 04-0308 JH/WDS

CHRIS RHOADS, Warden

          Respondent.

MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]

MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Michael Johnson,

an inmate of the Torrance County Detention Center, Estancia, New Mexico.  Johnson is acting *pro

se*, and was granted leave to proceed *in forma pauperis*.  Respondents filed an Answer and Return

including the state court records and transcripts of Johnson's May 1, 2003 plea hearing. Respondents

have moved to dismiss the petition, and Petitioner has filed his reply.  Having considered all the

materials filed, the court makes the following proposed findings and recommended disposition.

CLAIMS

Johnson claims that he was denied effective assistance of counsel as guaranteed by the Sixth

Amendment of the United States Constitution, and Due Process as guaranteed by the Fourteenth

---

[1]Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" that party may, pursuant to 28 U.S.C. 636(b)(1), file written objections to the Proposed Findings in the United States District Court.  A party must file any objections within the ten-day period if that party wants to have appellate review of the Proposed Findings.  If no objections are filed, no appellate review will be allowed.

Amendment as a result of defense counsel's failure to adequately advise him regarding his options for

a plea bargain. Johnson asserts that as a consequence, defense counsel (1) recommended he accept

an 18 year sentence when he faced a maximum sentence of 18 years; (2) failed to present a written

plea bargain agreement to him; and (3) failed to negotiate or finalize the terms of the sentence he was

to receive.  Johnson also asserts that (1) he did not knowingly and voluntarily enter into the plea; and

(2) the court violated court rules related to plea bargaining.

### FACTUAL BACKGROUND

On August 15, 2002 Johnson sold $200 of crack cocaine to an undercover police officer in

a parking lot in Albuquerque, New Mexico.  An arrest team took Johnson into custody, and it was

determined that Johnson had delivered the cocaine, and was driving a vehicle while in possession of

the cocaine, while he had three children with him in his vehicle.  Johnson was charged with

Trafficking Cocaine, three counts of Child Abuse, Trafficking by Possession of Cocaine, and

Tampering with Evidence.

Johnson had two prior relevant felony convictions.  Johnson was convicted of Possession of

a Controlled Substance (Cocaine) in Bernalillo County on September 28, 1999 in Criminal Cause No.

CR 96-02654.  Johnson was convicted of Trafficking (by Distribution) Cocaine in Bernalillo County

on September 28, 1999 in Criminal Cause No. CR 99-03142.  In New Mexico, a second conviction

for Trafficking Cocaine is a first degree felony punishable by a basic sentence of eighteen years

imprisonment.  N.M.S.A. 31-18-15.  The basic sentence can be increased or decreased by one third

(six years) based on mitigating or aggravating circumstances.  N.M.S.A. 31-18-15.1.   Therefore

Johnson could have been sentenced to between twelve and twenty-four years on the trafficking

charge.   Johnson's August 15, 2002 arrest also constituted a parole violation for the prior

convictions.  Additionally, the prior convictions triggered application of New Mexico's Habitual

Offender Act.

Johnson entered into a plea agreement on May 1, 2003. He pled guilty to Trafficking (by distribution) Cocaine, a first degree felony. All other charges were dropped. He was sentenced to twelve years, the minimum possible under New Mexico statutes. The plea agreement stipulated that he would serve his parole violations concurrently with his underlying sentence. The state waived habitual offender proceedings for the initial sentencing. There were other provisions of the plea agreement that are of no particular relevance to this matter. The plea agreement was in writing, and was signed by Petitioner, his defense attorney, the prosecutor and the judge.

The plea agreement was placed on the record in a hearing before District Judge Frank H. Allen. The judge advised Johnson of his rights. Johnson represented to the court that he was entering into the plea agreement voluntarily, that he understood his rights, and that he understood that he would be sentenced to imprisonment for twelve years. Based on Johnson's statements, the Court found that there was a factual basis for the plea, that Johnson understood his rights, and that the plea was voluntary. The court did not place on the record the mitigating circumstances that purportedly justified a six year downward departure from the basic eighteen year sentence.

Johnson filed a petition for Habeas Corpus in state court. The grounds for that petition were essentially the same as for the current petition. The petition was denied on December 5, 2003 by District Judge Frank H. Allen, Jr. Petitioner sought review by way of a Petition for Writ of Certiorari, but the petition was denied by the New Mexico Supreme Court on February 4, 2004.

### STANDARD OF REVIEW

### AEDPA

Having exhausted his state remedies, Johnson filed this petition for federal habeas corpus relief. Since Johnson is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254

applies.   Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Johnson's allegations implicate both the "unreasonable application" clause of subsection (d)(1) and "unreasonable determination of the facts" clause of subsection (d)(2).

The "unreasonable application of the law" clause of subsection (d)(1) does not empower a habeas court to grant the writ merely because it disagrees with the state court's decision. The critical question is not whether reasonable jurists agree, but whether the state court's application of Supreme Court precedent was objectively unreasonable. See *Williams v. Taylor*, 529 U.S. 362, 410-11, 146 L. Ed. 2d 389,  120 S. Ct. 1495 (2000).  Federal habeas courts are not precluded from considering the decisions of the inferior federal courts when evaluating whether the state court's application of the law was reasonable. *Matteo*, 171 F.3d at 890, citing *O'Brien*, 145 F.3d at 25. Such decisions may be "helpful amplifications of Supreme Court precedent." Id.

Relief under the "unreasonable determination of the facts" clause of subsection (d)(2) is available only if there was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Relief under subsection (d)(2) is subject to the provisions of 28 U.S.C. § 2254(e)(1), which requires a habeas court to presume that factual determinations made by the state court are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence.  The Tenth Circuit Court of Appeals has stated that in light of *Williams*, factual findings are reviewed under a clearly erroneous standard and legal conclusions de novo. *Valdez*, 219 F.3d 1222, 1231 (10th Cir. 2000), cert. denied, 149 L. Ed. 2d 481, 532 U.S. 979,

121 S. Ct. 1618 (2001), citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied,

528 U.S. 1120, 145 L. Ed. 2d 820, 120 S. Ct. 944 (2000).

REVIEW UNDER 28 U.S.C. § 2254(d)(1)

Petitioner's allegations are correctly styled as an ineffective assistance of counsel claim. The

threshold inquiry is whether Johnson seeks to apply "clearly established" Supreme Court law. That

question is easily answered because the merits of an ineffective counsel claim are squarely governed

by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). *Williams*, 529

U.S. at 390.

In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine

whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance

of counsel. In order to establish an ineffective assistance claim, the petitioner must show (1) "that

counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his]

defense." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).

To establish deficient performance, Johnson must show that his attorney made "errors so serious that

counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment,"

*Williams*, 529 U.S. at 390 quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell

below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice,

Johnson "must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a

probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance

renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S.

at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374,

393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.  *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).  I have chosen that course in this case.

The essence of Petitioner's ineffective assistance of counsel claim appears to be that counsel advised him to accept a guilty plea that provided little or no benefit to him. Petitioner alleges that his sentence pursuant to the guilty plea was the most he could have received if found guilty at trial. Specifically, Petitioner alleges that he was sentenced to 18 years when the maximum sentence for the drug trafficking charge was 18 years.  If that were the case, it could be argued that Johnson had nothing to lose by going to trial, and that he should have been advised accordingly.

A review of the record, however, shows conclusively that Petitioner's claims are legally and factually incorrect.  On the trafficking charge, Petitioner faced a sentence ranging from 12 to 24 years.  He was sentenced to twelve years, not eighteen.  Accordingly, had Johnson rejected the plea agreement and proceeded to trial, he would have faced the possibility of an extra 12 years of confinement on the trafficking charge alone.  Petitioner's attorney negotiated a plea agreement under which Johnson received the minimum sentence that was permissible under New Mexico law for a second conviction for drug trafficking.  In addition, Johnson's attorney accomplished the following: (1) all other charges against Johnson were dropped;  (2) Johnson received no additional jail time for his violations of parole, as he is serving that time concurrently; and (3) the sentence enhancements that could have applied under New Mexico's Habitual Offender Act were waived, subject to Petitioner's successful completion of his twelve year sentence and two year parole.

Johnson is not claiming innocence, or that he was improperly induced to plead guilty in lieu of going to trial.  There is little question that a trial would have resulted in a finding of guilt and a

sentence far less favorable to Johnson than the one imposed under the plea agreement.   While

Johnson erroneously believes that he received a maximum sentence under his plea agreement, I find

that the plea agreement was as favorable to Petitioner as was possible under state law.   Accordingly,

the prejudice prong of the Strickland test is not met, and Johnson's petition fails under 28 U.S.C. §

2254(d)(1).

REVIEW UNDER 28 U.S.C. § 2254(d)(2)

The order denying state habeas relief was only one paragraph, and simply stated that "none

of the allegations made in the Petition for Habeas Corpus have merit."   Although the state court judge

did not specify every factual finding in his opinion, it is apparent that I, too, find that Petitioner's

factual allegations were directly contradicted by the record.   First, Petitioner complains that his

attorney recommended that he accept an eighteen year term under the plea bargain.   This complaint

is unfounded as both the plea agreement, transcript, and sentencing documentation confirm that

Petitioner was sentenced to twelve years.   Second, Petitioner alleges that he was sentenced to twelve

years for the probation violations.   Again, this is incorrect.   The plea hearing transcript, page one,

lines 19-25, reads as follows:

> THE COURT: Yes, thank you.  All right.  If he pleads guilty to the trafficking and
> admits his violations, he's looking at 12 years.
> MS. HARPER:  Yes, Your Honor.
> MR. MARTIN:  Yes, Your Honor.
> MS. HARPER:  And the probation case --
> THE COURT:  That's a mandatory 12 years.

I can see how someone reading the transcript out of context might get the impression that the

Court was imposing a mandatory 12 years for "the probation case" mentioned one line earlier by Ms.

Harper.   However, taking the transcript, the written plea agreement and the sentencing order as a

whole, it is apparent that the Court's comment regarding a mandatory 12 years was intended to

clarify the Court's initial comment that "he's looking at 12 years" for the trafficking plea.  I find that

Petitioner's claim that he received a twelve year mandatory sentence for his parole violations to be

unfounded.

Petitioner also alleges that the court impermissibly participated in plea negotiations.  I find no

evidence to support this allegation.  I also reject Petitioner's contention that he was not shown the

written plea agreement.  The agreement contains Petitioner's signature, and there is no evidence in

the record suggesting it was concealed from Petitioner.  Furthermore, while Petitioner alleges that

he was not advised of the minimum and maximum penalties for the trafficking charge, he states in

another portion of his brief that his attorney told him the prosecution was seeking more than twenty

years on the charge.  Furthermore, he was clearly advised during the plea hearing that his twelve year

sentence was the minimum possible under state law.

28 U.S.C. § 2254(e)(1) places the burden on the petitioner to present clear and convincing

evidence rebutting the factual determinations made by the state court.  In this instance I find that

Petitioner has either presented allegations that are directly contradicted by the state court record, or

has made allegations that are unsupported by any evidence, let alone clear and convincing evidence.

Accordingly, Johnson's petition fails under 28 U.S.C. § 2254(d)(2).

## CONCLUSION

Based on the foregoing, I recommend that Petitioner's application for a writ of habeas corpus

be pursuant to 28 U.S.C. § 2254 be DENIED, and that this cause be dismissed with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**